IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MYRTLE ROGINA,

         Plaintiff,

v.

DAWN R. MARTINSON
      a/k/a Dawn R. Green
      a/k/a Dawn R. Martinson-Green,
CARL GREEN,
BANK OF AMERICA, and
JOHN DOE,

         Defendants.

ORDER

12-cv-498-wmc

---

The court held a telephonic preliminary pretrial conference on October 10, 2012. Plaintiff appeared along with her attorney, Parrish J. Jones. Defendant Dawn Green did not appear. Defendant Carl Green appeared pro se. Defendant Bank of America appeared by appeared by Attorney Christina E. Demakopoulos. The conference quickly veered off track into accusations by plaintiff that the Greens had intentionally, improperly and vexatiously removed to federal court her state court claim regarding a property/water easement. Defendant Carl Green's responses to the court's questions did little to allay the concerns raised by plaintiff. Green, for his part, insisted that he was entitled to a decision on the dismissal request contained in his notice of removal before anything else occurred in this lawsuit. In light of these preliminary disputes, the court forewent its usual scheduling process in favor of quick resolution of the threshold issues.

ORDER

      IT IS ORDERED that:

(1) Defendants' notice of removal will not be deemed a motion to dismiss plaintiff's underlying state court claim on defendants' contention that plaintiff fraudulently pled jurisdictional

facts to avoid removal into federal court. The computer-set briefing schedule on the motion to dismiss is stricken.

(2) Defendants may file a stand-alone motion to dismiss plaintiff's substantive claims whenever they are ready. Any such motion must be accompanied by a supporting brief and any additional supporting documents that defendants deem necessary to their motion. If any party wishes to expedite briefing on this motion, that party should promptly so move.

(3) Not later than October 24, 2012, defendant Dawn Green and defendant Carl Green each shall sit for a deposition by plaintiff on topics relevant to removal and remand. Plaintiff's mailing of a deposition notice to each defendant at 523 East 11th Street, Duluth, MN 55805 shall constitute sufficient notice of the deposition. Defendants shall not receive an extension of the October 24, 2012 deposition deadline based on defendant Carl Green's announcement during the pretrial conference that *now* he and Dawn Green are going to retain a lawyer to represent them, which, at this juncture under these circumstances, the court deems to be a delaying tactic. A defendant's failure to attend his or her deposition, or failure to be adequately prepared to respond to questions relevant to removal and remand may be deemed a violation of this court's order, contempt of court, or both, and subject to sanctions pursuant to F.R. Civ. Pro. 37(b)(1), (b)(2) and (d).

(4) Plaintiff may file a motion to remand whenever she is ready. Any motion must be accompanied by a supporting brief and any additional supporting documents that plaintiff deems necessary to her motion. If any party wishes to expedite briefing on this motion, that party should promptly so move.

(5) A telephonic status conference is set for November 14, 2012 at 9:00 a.m. with plaintiff arranging the conference call to chambers. The court's agenda for this conference is to assure that all parties are meeting their obligations on the threshold disputes over removal and remand. Bank

of America's participation in this conference is optional; participation is mandatory for all other parties or their attorneys.

Entered this 10th day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge